Appeal of **MAX KASS** and **JENNIE KASS.**          Docket No. 1259.

Submitted February 25, 1925; decided May 6, 1925.

*Arthur B. Foye, C. P. A.,* for the taxpayer.
*Edward C. Lake, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination of the Commissioner proposing to assess additional taxes in the amount of $6,337.07 against the above-named taxpayers for the years 1919 to 1922, inclusive. From the testimony adduced at the hearing, the Board makes the following

### FINDINGS OF FACT.

The taxpayer was engaged in the junk business at Albuquerque, New Mexico, during the years 1917, 1918, and 1919, and in the second-hand merchandise business during the years 1920, 1921, and 1922, and filed returns for the years 1919 to 1922, inclusive, showing a net loss in the year 1920 and no net income in excess of his personal exemption and credits for dependents in the other years.

An examination was made of the bank deposits of the taxpayer for the years 1919 to 1922, inclusive, and on the basis thereof the Commissioner has proposed a deficiency, as follows:

| | | |
|---|---|---|
| Max Kass: | | |
| 1919 | $62.66 | |
| 1920 | 1,644.49 | |
| 1921 | 1,595.18 | |
| 1922 | 1,255.53 | |
| | | $4,557.86 |
| Jennie Kass: | | |
| 1919 | 86.66 | |
| 1920 | 1,692.50 | |
| | | 1,779.16 |
| Total deficiency | | 6,337.02 |

The deficiency was computed by using the bank deposits of the taxpayer during the years in question as representing the gross sales and deducting therefrom the deductions claimed by the taxpayer in his returns. The proposed deficiency against Jennie Kass results from the application of the community property laws.

The bank deposits used as representing gross sales included the proceeds from sales of merchandise at three places of business. One business was the junk and merchandise business conducted by the taxpayer individually, and from October 9, 1920, to April 1, 1921, a partnership arrangement with an individual named Bond at another location. When Bond withdrew, this business was sold to and conducted by an uncle of the taxpayer, who also carried on a merchandise business at Raton, New Mexico. All merchandise sold in his own business and at the two places conducted by the uncle was purchased by the taxpayer on his own account and shipped to him. The merchandise for use in the uncle's business was delivered

to him by the taxpayer under a conditional sale agreement whereby the uncle was required to pay the taxpayer at the end of each day the proceeds of the sales of such merchandise up to the amount of the cost of such purchases, and these amounts were deposited by the taxpayer in his own accounts. No profit was made by the taxpayer upon merchandise purchased for his uncle's business and he acted only in the capacity of buyer for him.

The taxpayer started business in Albuquerque, New Mexico, in February, 1917, with a capital of $2,100, and his net worth at the end of 1922 was approximately $8,500.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

### Appeal of JOHN McCARTHY & SON, INC.        Docket No. 354.

Submitted February 2, 1925; decided May 6, 1925.

*Starr Parsons, Esq.,* and *John J. Leonard, C. P. A.,* for the taxpayer.

*Robert A. Littleton, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The issue in this appeal was whether an inaccurate return filed by the taxpayer without fraudulent intent was false within the meaning of section 250 (d) of the Revenue Act of 1921.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation. On July 22, 1919, it filed with the Collector of Internal Revenue of Boston, its income and profits tax return for the fiscal year ended March 31, 1919.

Thereafter, an examining internal revenue agent made a report recommending an addition to net income of $10,265.77, due to disallowance of deductions as follows:

| | |
|---|---|
| Income tax | $72. 27 |
| Improvements deducted as repairs | 5, 009. 61 |
| Loss on sale of machinery and equipment | 3, 559. 85 |
| Depreciation reduced | 1, 604. 04 |
| Charitable donation | 20. 00 |

and recommended an additional tax of $1,862.57. His report was dated April 16, 1924, and was filed in the office of the Commissioner on April 26, 1924. On August 13, 1924, the Commissioner determined a deficiency against the taxpayer for the fiscal year 1919 of $1,862.57, from which determination the taxpayer appealed upon the ground that the assessment was barred by the statute of limitations contained in section 277 (a) (2) of the Revenue Act of 1924.

The errors of the taxpayer in its income and profits tax return for 1919, if any, were due to mistake and not to any intent to defraud or to avoid payment of tax.